**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VICTORIA L. BULLARD,<br>Plaintiff,<br>v.<br>UNITED AIRLINES,<br>Defendant. | Case No. 2:23-cv-22988 (BRM) (AME)<br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is *pro se* Plaintiff Victoria L. Bullard's ("Plaintiff") Motion to Reopen her case pursuant to Federal Rule of Civil Procedure ("Rule") 60 ("Motion"). (ECF No. 37.) Defendant United Airlines, Inc. i/p/a United Airlines ("Defendant") opposes the Motion. (ECF No. 40.) Having reviewed and considered the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Rule 78(b), for the reasons set forth below and for good cause having been shown, Plaintiff's Motion (ECF No. 37) is **DENIED**.

## I. BACKGROUND

### A. Procedural History

Plaintiff filed her initial complaint through counsel on December 9, 2023, raising claims of age discrimination, unlawful harassment, "retaliation harassment," and "retaliation." (ECF No. 1 ¶¶ 45–48.) Defendant filed a motion to dismiss on March 29, 2024 (ECF No. 11), which the Court administratively terminated on April 2, 2024, because Defendant failed to file a pre-motion letter requesting a conference pursuant to the Court's judicial preferences (ECF No. 12). Defendant filed a pre-motion letter on April 2, 2024. (ECF No. 13.) Plaintiff filed a response to the pre-motion

letter April 12, 2024 (ECF No. 16) after the Court directed Plaintiff to file a response by noon on April 12, 2024 (ECF No. 14).

The Court held a status conference on May 13, 2024. (ECF No. 22.) Pursuant to that conference, the Court ordered Plaintiff to file an amended complaint within thirty days and to simultaneously make a bona fide settlement demand. (ECF No. 21.) On June 12, 2024, Plaintiff twice filed her FAC, raising claims of age discrimination, unlawful workplace harassment, unlawful retaliation harassment, and unlawful retaliation. (ECF Nos. 23, 24.) Defendant filed a pre-motion letter in anticipation of filing a motion to dismiss Plaintiff's FAC on June 18, 2024. (ECF No. 25.) Seven days later, Plaintiff filed a letter in response. (ECF No. 27.) On June 26, 2024, the Court "determined a premotion conference would not be beneficial" and ordered "the parties to proceed with motion practice in accordance with the rules of Court." (ECF No. 28.)

On July 3, 2024, Defendant filed a motion to dismiss Plaintiff's FAC. (ECF No. 29.) Plaintiff filed a motion for voluntary dismissal without prejudice a week later. (ECF No. 30.) In that motion, Plaintiff alleged Quinton N. Robinson ("Robinson"), then counsel of record,

> failed [her] and [her] case by (1) filing a [c]omplaint that neglected to detail critical facts of [her] case and was not in proper legal format; (2) failed to meet mandated court deadlines for responses; and (3) treat[ed] [her] with hostility and unprofessionally when [she] . . . questioned his actions or inquired about [her] case.

(*Id.*) On July 11, 2024, pursuant to Rule 41, the Court dismissed the case without prejudice. (ECF No. 31.)

Over a year and a half after the Court marked the case as closed, Plaintiff filed a SAC without assistance of counsel. (ECF No. 32.) Pursuant to the Court's judicial preferences, Defendant filed a premotion letter in anticipation of a motion to dismiss on March 25, 2026. (ECF No. 34.)

To clarify the record, on April 9, 2026, the Court ordered Plaintiff to advise the Court if she intended to proceed *pro se* and to show cause why the matter should be reopened. (ECF No. 35.) The Court also directed Robinson to file a motion to withdraw if the attorney-client relationship had been terminated. (*Id.*) On April 22, 2026, Robinson filed a motion to withdraw as Plaintiff's attorney (ECF No. 36), which the Hon. André M. Espinosa, U.S.M.J., granted on August 13, 2026 (ECF No. 42).[1]

On April 30, 2026, Plaintiff filed this Motion, seeking to reopen her case. (ECF No. 37.) That same day, Defendant filed a letter requesting permission to submit a formal opposition to the Motion (ECF No. 38), which the Court granted on May 5, 2026 (ECF No. 39). Plaintiff filed a brief in support of the Motion on May 15, 2026 (ECF No. 41), and Defendant opposed on May 18, 2026 (ECF No. 40).

**B. Factual Background**[2]

On December 27, 2020, Plaintiff observed a United Airlines flight attendant enter an aircraft while testing positive for COVID-19.[3] (ECF No. 23 ¶ 11; ECF No. 32 ¶ 17.) That same day, Plaintiff reported her observation to Defendant's management. (ECF No. 23 ¶¶ 11, 13; ECF No. 32 ¶¶ 18, 23.) On top of alleging age discrimination, Plaintiff generally contends she was

---

[1] On August 18, 2026, Robinson filed a certification of service, certifying under penalty of perjury that on August 15, 2026, he served a true and correct copy of the following documents to Plaintiff: (1) the August 13, 2026 Order granting Robinson's motion to withdraw as counsel, (2) a copy of the docket for this case, (3) Robinson's motion to withdraw as counsel, and (4) Robinson's notice of the motion to withdraw as counsel. (ECF No. 43.)

[2] Although the Court briefly summarizes the facts in this matter for purposes of context, the Court's reasoning for denying Plaintiff's Motion rests solely on the procedural posture of the Motion. *See infra* Section III.

[3] At the time of her termination, Plaintiff was a purser at United. (ECF No. 23 ¶ 1.)

wrongfully terminated in retaliation for making that report. (ECF No. 23 ¶¶ 45–48; ECF No. 32 ¶¶ 41–50.)

## II. LEGAL STANDARD

Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of her case, under a limited set of circumstances including "mistake, inadvertence, surprise, or excusable neglect," and for "any other reason that justifies relief."[4] Fed. R. Civ. P. 60(b)(1), (6). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, Civ. A. No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987)). Speaking unanimously, the U.S. Supreme Court recently made clear that Rule 60(b)(6) "provides only grounds for relief not already covered by" Rule 60(b)(1) through (5). *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025).

A Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). A motion under Rule 60(b) may not be granted where the moving party could have raised the same legal argument by means of a direct appeal. *Id.*

## III. DECISION

Plaintiff argues that this "case presents precisely the type of circumstances warranting relief[]" because (1) "Plaintiff's initial counsel withdrew during the pendency of the case," (2)

[4] Under Rule 60(b), additional grounds for relief include: "(2) newly discovered evidence," "(3) fraud," (4) a void judgment, and "(5) the judgment has been satisfied, released, or discharged; . . . was based on an earlier judgment that has been reversed or vacated; or applying [the judgment] prospectively is no longer equitable." Plaintiff's Motion is not based on any of the aforementioned bases. (*See* ECF No. 41 at 2.)

Plaintiff's "[s]uccesor counsel suffered a serious medical condition and ceased functioning as counsel," (3) "Plaintiff was left without meaningful representation and without access to her case file," and (4) "[c]ritical deadlines were missed outside Plaintiff's knowledge or control." (ECF No. 41 at 2.) Plaintiff also suggests she "acted diligently at every stage." (*Id.* at 3.) According to Plaintiff, "[s]he promptly retained replacement counsel after prior counsel withdrew[,] . . . paid a retainer and provided all materials in good faith reliance on counsel's representation[,] . . . attempted to obtain updates and action on her case," and "took action once it became clear that counsel had failed to act." (*Id.*) Moreover, Plaintiff contends reopening her case would be equitable and would not cause prejudice. (*Id.*)

Defendant disagrees. First, Defendant argues Plaintiff's Motion must be dismissed as "per se untimely under Rule 60(b)(1) and was not filed within a reasonable time under Rule 60(b)(6)." (ECF No. 40 at 7.) While Rule 60(b)(6) allows a Court to reopen a case beyond one year, Defendant argues a motion to reopen based on Rule 60(b)(6) must nonetheless be filed "within a 'reasonable time.'" (*Id.* at 9 (citing Fed. R. Civ. P. 60(b)(6)).) Defendant points out that the bases Plaintiff relies on for relief under Rule 60(b)(6), namely the breakdown in representation and counsel's failure to adequately represent Plaintiff's interests, are the same bases Plaintiff put forth when she voluntarily dismissed the case in July 2024. (*Id.* at 9–10.) Defendant also contends that even if timely, Plaintiff "cannot establish entitlement to relief under Rule 60(b)(1) or (6)." (*Id.* at 11–18.) Moreover, even assuming the availability of Rule 60(b) relief, Defendant suggests reopening the case would be futile because Plaintiff's claims are time-barred given Title VII's limitations period.[5] (*Id.* at 19–21).

---

[5] Because the Court denies Plaintiff's Motion on untimeliness grounds based on Rule 60, the Court need not address Defendant's remaining arguments.

The Court agrees with Defendant—Plaintiff's Motion is untimely. *See Jones v. Sec'y Pa. Dep't of Corr.*, 589 F. App'x 591, 593 (3d Cir. 2014) ("Although [the] [Court] liberally construe[s] *pro se* filings, [Plaintiff] is not exempt from procedural rules or the consequences of failing to comply with them."). First, to the extent Plaintiff seeks to avail herself of relief pursuant to Rule 60(b)(1), that is foreclosed because Rule 60(c)(1) makes clear a motion under Rule 60(b)(1) must be made "no more than a year after the entry of judgment or order or the date of the proceeding." Here, the Court granted Plaintiff's motion for voluntary dismissal without prejudice and closed the case on July 11, 2024. (ECF No. 31.) As the Supreme Court explained just last year, "voluntary dismissal without prejudice counts as a 'final proceeding' under Rule 60(b)." *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 319 (2025). Because Plaintiff filed her Motion on April 30, 2026—one year and two-hundred-ninety-three days after the FAC was voluntarily dismissed—she is time-barred from relying on Rule 60(b)(1) to reopen her case.

Second, as discussed, while Rule 60(b)(6) is not confined by a one-year limitation, Rule 60(c)(1) requires a plaintiff to file a motion to reopen based on Rule 60(b)(6) within a "reasonable time." *Moolenaar v. Government of Virgin Islands* is instructive. 822 F.2d 1342 (3d Cir. 1987). Just as here, in *Moolenaar*, the plaintiffs "brought their Rule 60(b)(6) motion almost two years after the district court's initial judgment." *Id.* at 1348. Based on that delay, the Third Circuit concluded the plaintiffs' motion was "not made within a reasonable time." *Id.*; *see also Zahl v. Harper*, 403 F. App'x 729, 734 (3d Cir. 2010) (citing approvingly an earlier Third Circuit decision "doubt[ing] [a] . . . two and one-half year delay would comply with 'reasonable time' requirement"). Given the Third Circuit's teachings and the U.S. Supreme Court's recent admonition that courts must follow Rule 60(c)(1)'s "reasonable time" requirement, the Court finds

Plaintiff has failed to timely file her Motion.[6] *Coney Island Auto Parts Unlimited, Inc. v. Burton Tr. for Vista-Pro Auto., LLC*, 607 U.S. 155, 161–62 (2026). Moreover, "[p]ublic policy favors the finality of judgments, and reopening a case [nearly two years] after its dismissal is unquestionably prejudicial to . . . [D]efendant[]." *See Bohanan v. E. Tennessee Hum. Res. Agency, Inc.*, Civ. A. No. 14- 00469, 2017 WL 6460046, at *2 (E.D. Tenn. Dec. 15, 2017). Accordingly, Plaintiff's Motion is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion (ECF No. 37) is **DENIED**. An appropriate order will follow.

Date: August 24, 2026

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[6] Although there is generally a preference for resolving cases on the merits, Rule 60(b)'s "reasonable time" requirement is not optional. *Coney Island Auto Parts Unlimited, Inc. v. Burton Tr. for Vista-Pro Auto., LLC*, 607 U.S. 155, 161–62 (2026). Adherence to this requirement could, in theory, lead to inequitable results. *See, e.g., id.* at 157. For instance, a "party seeking relief from an allegedly void judgment" pursuant to Rule 60(b)(4) is nonetheless subject to Rule 60(c)(1)'s "reasonable time" requirement. *Id.* In other words, notwithstanding the possibility of letting a void judgment stand, the U.S. Supreme Court has taught that the plain text of Rule 60 requires a Rule60(b) motion to be made within a "reasonable time." *See id.* at 158. Put simply, while this Court's application of the "reasonable time" requirement means the case will not be adjudicated on the merits, that is what Rule 60 demands given Plaintiff's decision to wait over a year and a half to file a motion to reopen.